UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, <br><br> v. <br><br> TAMIR BARNES. | No. 2:19-cr-771 (WJM) <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion by Defendant *pro se* Tamir Barnes ("Defendant") for compassionate release and a reduction in sentence. ECF No. 48. The Government did not file a response. For the reasons stated below, Defendant's motion is **DENIED**.

I. **BACKGROUND**

Tamir Barnes was initially arrested by an ATF agent on August 8, 2019 following his participation in a drug transaction. On September 5, 2019, Mr. Barnes pled guilty to possession of a firearm after having been convicted of a felony, possession with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. Barnes was sentenced on June 24, 2020 to a prison term of 84 months on each of Counts One and Two to be served concurrently and a term of 60 months on Count Three to be served consecutive with five years of supervised released to follow.

II. **DISCUSSION**

Defendant moves for release pursuant to 18 U.S.C. 3553(a), which requires that, when imposing a sentence, "The Court . . . impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Defendant also cites to *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006) (holding that the trial court acted within its discretion in refusing to depart downward at sentencing); *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006) (holding that in sentencing, the trial court may consider the crack/powder cocaine differential in the Sentencing Guidelines as a factor, but not as a mandate, in the post-*Booker* sentencing process); *United States v. Stevens*, 223 F.3d 23 (3d Cir. 2000) (holding that the trial court acted within its discretion in refusing to depart downward at sentencing). Here, Defendant is not challenging the validity of his sentence pursuant to § 3553, by claiming, for instance, that the Court improperly applied the § 3553(a) factors. Rather, he asks the Court to reduce his sentence because of a series of changes at the Essex County Correctional Facility ("ECCF") as a result of the Covid-19 pandemic, that

Defendant claims violate his constitutional rights. The Court evaluates Defendant's request for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In light of the Covid-19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*).

Here, Defendant claims no medical condition at all, let alone one which would render him vulnerable to serious consequences if infected with COVID-19. Rather, Defendant points to various constitutional deprivations related to: (1) his status as a pre-trial Defendant; (2) severe isolation due to quarantine; (3) lack of visitor access; (4) lack of access to religious services; (5) lack of access to medical care. Although Courts across the country have adjudicated hundreds of requests for release, the Court is unaware of, and Defendant does not cite to, any cases where a Court has recognized constitutional deprivations like those alleged here as "extraordinary and compelling reasons" warranting a reduction in sentence. The Court nevertheless addresses some of Defendant's contentions. First, he is not a "pre-trial detainee" as he claims. *See* ECF No. 47. Secondly, Defendant Barnes fails to allege constitutional deprivation with any specificity. For instance, he does not state what religious service he lacks access to or what medical care he was denied because of the Covid-19 pandemic. Lastly, Defendant fails to explain why, even if he could prove the alleged constitutional violations, release is the appropriate remedy.

### III. CONCLUSION

Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

**Date: January 27, 2020**